J-S52002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONDELLE CHRISTAIN MIDDLETON, | : | |
| | : | |
| Appellant | : | No. 1997 MDA 2016 |

Appeal from the PCRA Order November 23, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0000012-2014

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 30, 2017**

Rondelle Christain Middleton ("Middleton") appeals from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural background, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 11/23/16, at 1-2 (unnumbered).

The PCRA court denied Middleton's Petition.  Middleton thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Middleton raises the following issues for our review:

1. Did the trial court err in denying [Middleton's] PCRA [Petition] when:

---

[1] **See** Pa.C.S.A. §§ 9541-9546.

a. Appellate counsel did not specifically challenge the *Terry*[2] frisk in the court[-]ordered Pa.R.A.P. 1925(b) Concise Statement[,] and only raised a general challenge to the trial court's denial of his suppression Motion; and

b. Appellate counsel failed to raise [] Middleton's sentencing issues on appeal[?]

Brief for Appellant at 4 (some capitalization omitted, issues renumbered, footnote added).[3]

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

In his first issue, Middleton contends that "trial and appellate counsel were ineffective in failing to present testimony to preserve the issue of challenging the *Terry* frisk on appeal." Brief for Appellant at 10. Middleton concedes that, although Attorney Muller raised the issue on direct appeal, the issue was deemed waived because he had failed to raise the issue before

---

[2] *Terry v. Ohio*, 88 S. Ct. 1868 (1968)

[3] As noted by the PCRA court, Paul Muller, Esquire ("Attorney Muller"), of the Dauphin County Public Defender's Office, represented Middleton at the non-jury criminal trial, and filed a Pa.R.A.P. 1925(b) Concise Statement on his behalf. A different public defender was thereafter appointed to represent Middleton for the remainder of his direct appeal. However, based on our review, it appears that each of Middleton's ineffectiveness claims pertains to Attorney Muller only.

the trial court. *Id*. Middleton points out that the issue was further waived because Attorney Muller had failed to specifically raise the issue in Middleton's Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. *Id*. at 11; *see also id*. (wherein Middleton explains that Attorney Muller merely raised a general challenge to the trial court's denial of his suppression Motion).

In its Opinion, the PCRA court addressed Middleton's first issue, set forth the relevant law, and determined that the issue lacks merit. *See* PCRA Court Opinion, 11/23/16, at 2-5 (unnumbered). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Middleton's first issue. *See id*.

In his second issue, Middleton contends that Attorney Muller was further ineffective because he "failed to appeal the initial granting and the subsequent denial of [Middleton's] Motion to modify sentence." Brief for Appellant at 12. Middleton explains that the trial court initially granted his Motion, and permitted the sentences for counts one and two to run concurrently, but then reinstated the original sentence after the Commonwealth filed a Motion for reconsideration. *Id*. Middleton claims that, "[a]lthough the mandatory sentence was not imposed in this case, [Middleton] was sentenced above the standard range upon the Commonwealth's erroneous assertion that this was [Middleton's] fifth (5th) drug trafficking conviction." *Id*. Middleton maintains that he had only two

- 3 -

prior drug trafficking convictions, and contends that Attorney Muller was ineffective for failing to preserve and raise this issue on appeal. *Id*.

In its Opinion, the PCRA court addressed Middleton's second issue, and determined that the issue lacks merit. *See* PCRA Court Opinion, 11/23/16, at 5-6 (unnumbered). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Middleton's second issue. *See id*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017

Circulated 08/10/2017 04:12 PM

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
vs. : NO. 12 CR 2014
:
: PCRA
RONDELLE MIDDLETON, :
        Defendant/Petitioner :

## MEMORANDUM ORDER

Presently before this Court is Defendant's *pro se* Motion for Post Conviction Collateral Relief, filed February 1, 2016, and Defendant's Amended PCRA Petition[1], filed September 16, 2016, and any responses thereto. A PCRA evidentiary hearing was held on November 14, 2016.

## PROCEDURAL/ FACTUAL BACKGROUND

In January 2013, Rondelle Middleton ("Defendant"/"Petitioner") was arrested and charged with one count each of Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled substance, and Possession of Drug Paraphernalia.[2] On September 3, 2014, Defendant proceeded with a non-jury trial and was found guilty on all counts. At Count 1, PWI, Defendant was sentenced to thirty (30) to sixty (60) months incarceration. At Count 2, Possession, Defendant was sentenced to sixteen (16) to thirty-two (32) months incarceration consecutive to Count 1. At Count 3, Paraphernalia, Defendant was sentenced to six (6) to twelve (12) months incarceration concurrently with Count 2.

On October 17, 2014, Defendant timely filed a Notice of Appeal to the Pennsylvania Superior Court. The Pennsylvania Superior Court affirmed the judgment of sentence on July 16,

---

[1] Filed by PCRA counsel Wendy J.F. Grella, Esquire
[2] *See* 35 P.S. § 780-113(a)(30), (16), and (32).

2016 and by Order dated December 1, 2015, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. *Commonwealth v. Middleton*, 621 MAL 2015.

Defendant filed a *pro se* Motion for Post Conviction Collateral Relief on February 1, 2016 and on February 8, 2016, Attorney Wendy J.F. Grella was appointed as PCRA counsel. Attorney Grella filed an Amended PCRA Petition on September 16, 2016. A rule was entered on the Commonwealth and the Commonwealth filed a response to Defendant's Amended PCRA Petition on October 17, 2016. A PCRA hearing was held on November 14, 2016.

In Defendant's Amended PCRA Petition, he alleges two claims of ineffective assistance of counsel. Defendant contends that trial counsel and appellate counsel were ineffective in failing to present testimony to preserve the issue (at the trial level) and ultimately allow the issue to be raised and presented on appeal. Amended PCRA Petition, paragraph 26. Additionally, Defendant asserts that he is eligible for relief as appellate counsel failed to appeal the initial granting and then subsequent denial of his Motion to Modify Sentence. Amended PCRA Petition, paragraph 28.[3]

## DISCUSSION

In order to be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence arose from one or more of the errors listed within 42 Pa.C.S.A. § 9543(a)(2). Included among these errors is a claim that the petitioner's conviction or sentence arose from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of

---

[3] These are, in essence, the same claims that Defendant raised in his pro se PCRA Motion.

guilt or innocence could have taken place." *Id.* § 9543(a)(2)(ii). Additionally, to raise a meritorious PCRA claim, the issue must be neither previously litigated nor waived. *Id.* 9543(a)(3).

Here, Defendant alleges two claims of ineffective assistance of counsel during his underlying non-jury trial. When reviewing a claim of ineffective assistance of counsel, this Court keeps in mind the following test, which was first articulated by the Pennsylvania Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (1987) ( adopting the ineffectiveness standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

> When considering [an ineffectiveness] claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> ...
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.
>
> *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa.Super.2013)(internal quotation marks

and citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Steward*, 2013 Pa.Super. LEXIS 3196, (Pa. Super. 2013) (en banc) (citation and quotation marks omitted).

It is well settled that "[f]ailure to establish any prong of the [*Pierce's* three-prong] test will defeat an ineffectiveness claim." *Commonwealth v. Birdson*, 24 A.3d 319, 330 (Pa.2011). The Pennsylvania Supreme Court has also stated "[i]f it is clear that [the petitioner] has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings

[pursuant to the third prong of the *Pierce* test], the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs [of the test] have been met." *Commonwealth v. Luster*, 71 A.3d 1029, 1039-1040 (Pa. Super. 2013 (*en banc*) (internal quotation marks omitted), *quoting Commonwealth v. Rios*, 920 A.2d 790, 799 (Pa.2007), *appeal denied*, 71 A.3d 1029 (Pa.2013). With the above-mentioned principles in mind, we turn to the instant matter.

Defendant's first allegation of error, as previously mentioned, was that trial counsel and appellate counsel were ineffective in failing to present testimony to preserve the issue of challenging the *Terry* frisk on appeal. In support of his argument, Petitioner submits that "there was no reasonable trial strategy for failing to do so and that he was prejudiced by trial and appellate counsel's failure to preserve the issue." Amended PCRA, paragraph 27. At the PCRA evidentiary hearing, trial counsel, Attorney Paul Muller, testified that nothing was recovered from the *Terry* frisk. As such, there was no evidence that Attorney Muller would have moved to be suppressed. Instead, Attorney Muller, at the pre-trial hearing, focused on the consent that was given to search Mr. Middleton after the *Terry* frisk was conducted. It was the consensual search that led to the evidence that was detrimental to Mr. Middleton. This Court fails to see how failure to raise a non-existent allegation of error can be deemed ineffective assistance of counsel. As indicated at the PCRA evidentiary hearing, Attorney Muller had a justifiable for reason for not raising the *Terry* frisk issue, i.e. there was nothing that was revealed during the *Terry* frisk. Additionally, assuming arguendo that Defendant has satisfied prongs 1 and 2 of the *Strickland* test, Defendant has not set forth any evidence that the outcome of the proceedings would have been different but for counsel's allegation of error. Merely, stating that he was prejudiced is not enough. Because there was no

*Terry* frisk issue, it should not have been raised on appeal. As such, this allegation of error is without merit.

Defendant's next allegation of error was that appellate counsel was ineffective for failing to preserve and raise, on appeal, the issue of his sentencing.[4] On September 22, 2014, Petitioner filed a Motion to Modify Sentence which, initially, was granted on September 29, 2014 and Petitioner's sentence at count 2 was modified to run concurrently with count 1. The Commonwealth filed a Motion to Reconsider on October 15, 2014 and on October 27, 2014, the Commonwealth's Motion to Reconsider was granted and the original sentenced reimposed.[5] Defendant alleges that, although a mandatory sentence was not imposed in this case, Defendant was sentenced above the standard range upon the Commonwealth's assertion that this was Defendant's fifth (5th) drug trafficking conviction. Instead, Defendant asserts that he only has two or three prior drug trafficking convictions. Defendant's Amended PCRA Petition, paragraphs 35,36. At the PCRA evidentiary hearing, Attorney Muller could not recall why the sentencing issue was not raised in his statement of errors. Again, assuming arguendo that Defendant can satisfy the first two prongs of the *Strickland* test, Defendant did not provide any evidence that he was prejudiced as a result of counsel's failure to raise the sentencing issue on appeal. As noted by the Defendant himself, a mandatory sentence was not imposed in this case. Defendant was sentenced above the standard range but that was because of prior drug trafficking convictions. The mere number of prior drug trafficking convictions would not have adversely affected the outcome

---

[4] As a way of background, this Court notes that Attorney Muller represented Defendant at the non-jury trial. Attorney Muller also filed the 1925 statement of errors. However, Attorney Ryan Lysaght was then assigned to write the brief for Appellant's appeal.

[5] On October 17, 2014, the Defendant filed a Notice of Appeal.

of his sentence. Additionally, the Defendant fails to point to the record where the Commonwealth made the erroneous assertion that this was Defendant's 5th drug trafficking conviction as opposed to the two or three priors that Defendant was convicted. Defendant is unable to show that but for counsel's errors, the outcome of his proceeding (i.e. the sentence) would have been different.

In sum, Defendant has failed to meet the requirements of the *Strickland* test. Defendant offered no evidence to show that but for counsel's alleged ineffectiveness, the outcome of the proceedings would have been different.

Accordingly, we enter the following:

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
vs.  : NO. 12 CR 2014
:
: PCRA
RONDELLE MIDDLETON,  :
Defendant  :

## ORDER

AND NOW, this 23rd day of November, 2016, upon consideration of Defendant's *pro se* Motion for Post Conviction Collateral Relief, filed February 1, 2016, and Defendant's Amended PCRA Petition, and any responses thereto, and following an evidentiary PCRA Hearing on November 14, 2016, following upon which both sides submitted briefs and memorandum of law, IT IS HEREBY ORDERED AND DECREED that this Court finds that Defendant's claims do not warrant PCRA relief and Defendant's PCRA Petition(s) are hereby DENIED/DISMISSED.

**Defendant has the right to appeal this decision to the Superior Court of Pennsylvania. This appeal must be taken within thirty (30) days of the date of this Order.**

Furthermore, the Clerk of Courts of Dauphin County shall immediately serve a copy of this Order upon the Defendant and the Defendant's counsel by certified mail, return receipt requested, as well as upon the District Attorney.

IT IS FURTHER ORDERED that, upon consideration of Defendant's *pro se* Application to Remove PCRA Counsel and Proceed Pro Se, filed September 19, 2016, is hereby DENIED as MOOT.[6]

BY THE COURT:

_____
Richard A. Lewis,  President Judge

Distribution:
Katie L. Adam, Esquire, District Attorney's Office (PCRA)
Wendy J.F. Grella, Esquire, 1119 N. Front St., Ste. 1, Harrisburg, PA 17102
Rondelle Middleton, Defendant
Court Administration – Criminal
Clerk of Courts
FILE COPY - Chambers of the Honorable Richard A. Lewis

---

[6] Defendant withdrew his application at the PCRA Hearing on November 14, 2016 as he is currently being represented by Attorney Grella.